# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| HENRY LEE SMART, | : | |
| Plaintiff | : | |
| VS. | : | |
| Nurse DAWN MILLER, Officer GEORGE DOYLE, Transportation Officer MICHAEL HAMILTON, Activity Yard Man TERRY GREEN, and Deputy Warden ELIJAH McCOY, | : | NO. 1:07-CV-174 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **HENRY LEE SMART**, an inmate at the Decatur County Correctional Institution ("DCCI") in Bainbridge, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

1

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff brings this section 1983 action against the following DCCI employees: Detail Officer George Doyle, Transportation Officer Michael Hamilton, Activity Yard Man Terry Green, Nurse Dawn Miller, and Deputy Warden Elijah McCoy.[1]

Plaintiff states that on July 20, 2007, he slipped and fell while on a work detail and injured his right knee. Following plaintiff's slip and fall, Officer Doyle questioned plaintiff about the extent

---

[1] In the caption of plaintiff's complaint, plaintiff named DCCI as the defendant. On page 3 of his complaint, however, under the section that asks for the full name of each defendant, plaintiff listed Doyle, Hamilton, Green, Miller, and McCoy. The Court will construe plaintiff's pleadings as having named Doyle, Hamilton, Green, Miller, and McCoy as parties to this lawsuit, and not DCCI. In any case, DCCI is not a "person" within the meaning of section 1983. ***See e.g., Marsden v. Federal Bureau of Prisons***, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (holding that a jail is not an entity subject to being sued).

of his injury; Doyle then notified officials at DCCI by phone. Officers Hamilton and Green arrived on the scene, presumably pursuant to Doyle's call, and likewise questioned plaintiff about the extent of his injury. Hamilton requested an ambulance, but a nurse at DCCI advised Hamilton that an ambulance could only be summoned for a back injury. Deputy Warden McCoy arrived last on the scene and examined plaintiff. Notwithstanding his alleged belief that plaintiff was exaggerating the extent of his injury, McCoy directed two inmates to carry plaintiff to the transportation van. Officers Hamilton and Green then transported plaintiff back to DCCI on instructions of McCoy. Nurse Miller examined plaintiff's knee and determined that plaintiff should be taken to the hospital. Officer Hamilton then transported plaintiff to the hospital, where his knee was x-rayed. A doctor at the hospital recommended that, because of the contusion and fluid build-up on plaintiff's knee, plaintiff should stay off his feet for four to five days. It is unclear whether this request was fully accommodated.

Plaintiff complains that his knee has not "gotten any better only worse" and that the fluid build-up needs draining, but that the nurse (apparently nurse Miller) refuses to schedule a doctor's appointment for plaintiff. Plaintiff believes he is not getting proper medical treatment for his knee because of the county budget.

### III. DISCUSSION

#### A. *Defendants Doyle, Hamilton, Green, and McCoy*

Plaintiff's only allegations against defendants Doyle, Hamilton, Green, and McCoy are that they investigated plaintiff's injury after the accident and/or transported plaintiff from the accident

3

to DCCI and then from DCCI to the hospital. This is an insufficient basis to state a violation of constitutional rights. Moreover, plaintiff does not allege that he suffered any injury as a result of these defendants' actions. It is therefore recommended that Doyle, Hamilton, Green, and McCoy be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### *B. Defendant Nurse Miller*

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). A medical need is serious when it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Deliberate indifference may be evidenced by the intentional interference of a prison official with medical treatment once it is prescribed. *Estelle*, 429 U.S. at 104-05.

Although the medical care provided by Nurse Miller immediately after plaintiff's injury did not violate the above standard, it is not clear whether her treatment upon plaintiff's return from the

4

hospital and to date constitutes to deliberate indifference to a serious medical need. Therefore, by separate order, plaintiff's complaint shall be allowed to proceed against Nurse Miller only.

**SO RECOMMENDED**, this 31st day of October, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE