IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **HENRY LEE SMART,** | |
| **Plaintiff,** | |
| VS. | CIVIL ACTION FILE NO. 1:07-CV-174 (WLS) |
| **Nurse DAWN MILLER, Officer GEORGE DOYLE, Transportation Officer MICAHEL HAMILTON, Activity yard Man TERRY GERRN, and Deputy Warden ELIJAH McCOY,** | |
| **Defendants.** | |

## RECOMMENDATION

When plaintiff executed his *pro se* complaint on August 21, 2007, he was confined at the Decatur County Correctional Institution in or near Bainbridge, Georgia. Plaintiff indicated in his complaint that he was scheduled to be released during October of 2007. On October 31, 2007, the court mailed certain documents to plaintiff at his last known address. On November 9, 2007, the court's October 31, 2007, mailing to the plaintiff was returned by the postal authorities indicating that plaintiff had been released from the Decatur County Correctional Institution.

On October 29, 2007, the court received a copy of plaintiff's trust account statement as ordered dated October 24, 2007. This appears to be the last activity undertaken by the plaintiff in this case.

The sole remaining defendant, Nurse Miller, filed her motion to dismiss the complaint on April 30, 2008. On May 5, 2008 the court provided plaintiff, at his last known address, with the customary courtesy notice of the defendant having filed a motion to dismiss which advised him of his right to respond in opposition to the motion. As could be expected this notice was also

returned to the court on May 12, 2008.  It therefore goes without saying that plaintiff has not responded in opposition to defendant's motion.

This chronology of events seems to make clear that the plaintiff is no longer interested in pursuing this matter.  It is not at all uncommon for *pro se* plaintiffs who are confined to lose all interest in pursuing their claims once they are released from the institution.  The court has no way to contact this plaintiff for want of an appropriate address, and is not obligated or required to hunt down parties who have not seen fit to keep the court apprised of their whereabouts.

The only practical solution to this scenario is to dismiss plaintiff's complaint without prejudice.  Otherwise this matter, which is at a standstill, continues to clog the court's rather busy docket.  Accordingly, based on the above it is the **RECOMMENDATION** of the undersigned that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 10th day of September 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE